UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY KIMBLE

VERSUS                                          CIVIL ACTION

MAYOR-PRESIDENT CITY OF                         NUMBER 07-303-JJB-SCR
BATON ROUGE, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 14, 2007.

                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY KIMBLE

VERSUS                                          CIVIL ACTION

MAYOR-PRESIDENT CITY OF                         NUMBER 07-303-JJB-SCR
BATON ROUGE, ET AL

MAGISTRATE JUDGE'S REPORT

Plaintiff Bobby Kimble appeared at a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and provided additional information regarding his claims.

Plaintiff was ordered to file an amended complaint identifying the police officers who allegedly violated his constitutional rights and name them as defendants.  In addition, the plaintiff was ordered to allege specific facts regarding the actions or inactions taken by each of the named defendants which allegedly violated his constitutional rights.  Plaintiff failed to amend the complaint as ordered.

Pro se plaintiff filed this action presumably pursuant to 42 U.S.C. § 1983 against Baton Rouge Mayor-President Holden and the Baton Rouge Police Department.[1]  Plaintiff alleged that on May 13,

---

[1]  The complaint was filed originally in the United States District Court for the Eastern District of Louisiana and was then transferred to this court.  When the complaint was filed there were numerous other plaintiffs.  Kimble's claims were severed and assigned a new case number.

2006, he was a passenger in a vehicle stopped by unidentified Baton Rouge police officers.[2] Plaintiff alleged that he was arrested and transported in handcuffs to a police station. Plaintiff alleged that a police officer told him that he would probably be charged with either first or second degree murder. Plaintiff alleged that a police officer told him that his father was in the parking lot behaving foolishly. Plaintiff alleged that he was not promptly released from custody because his father questioned the actions of the police officers.

At the *Spears* hearing, the plaintiff stated that he was detained at the police station for several hours and was subsequently released without being charged with any crime.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. 28 U.S.C. § 1915(d); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d)

---

[2]   Record document number 3.

purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

Plaintiff named Mayor Holden as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff named the City of Baton Rouge Police Department as a defendant but failed to allege any facts that one or more of the

City's employees violated his civil rights as a result of a City policy or custom.  *See Monell v. New York City Dep't of Soc.Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018 (1978).  Generally, a plaintiff must identify a city policy or custom that allegedly gave rise to the plaintiff's injuries before he may prevail against the city. *Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Baton Rouge, Louisiana, November 14, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE